IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-01904-CMA-STV

CHARLES J. STOUT,

   Plaintiff,

v.

LORI SEITZ,
MICHELLE WESOLOWSKI,
ELLIARD,
ELISON, and
LEGGET,

   Defendants.

**ORDER ADOPTING THE RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE SCOTT T. VARHOLAK**

This matter is before the Court on review of the Recommendation by United States Magistrate Judge Scott T. Varholak (Recommendation) (Doc. # 43), wherein he recommends that this Court

- grant Defendants' motions for dismissal of Plaintiff Charles J. Stout's Eighth Amendment Claim (Claim One) against Defendant Lori Seitz, and

- decline to exercise supplemental jurisdiction over Plaintiff's state negligence claim (Claim Two) against all Defendants.

The Recommendation is incorporated herein by reference. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  For the following reasons, the Court adopts the

Recommendation, grants Defendants' motions, dismisses with prejudice Claim One, and declines to exercise supplemental jurisdiction over Claim Two.

## I.    STANDARD OF REVIEW

Plaintiff objects to the Recommendation in its entirety.  Federal Rule of Civil Procedure 72(b)(3) thus requires that this Court conduct a de novo review of the issues.  In so doing, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*  Arguments raised for the first time in objections are deemed waived and need not be considered by this Court.  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

## II.    BACKGROUND

Plaintiff is a participant in Colorado's Sex Offender Treatment and Monitoring Program (SOTMP) who is housed at the Cheyenne Mountain Re-entry Center (CMRC) in Colorado Springs, Colorado.  (Doc. # 43 at 2.)  As part of his participation in the SOTMP, Plaintiff is required to adhere to a highly structured treatment program.  (Doc. # 10 at 12.)  He must also abide by a personal change contract, also known as a relapse prevention plan.  (*Id.* at 18.)  As pertinent here, Plaintiff's personal change contract identifies the kitchen as a high risk area for him; Plaintiff contends that being in the kitchen causes him to act out sexually and experience mental anguish and physical pain.  (*Id.* at 5.)  He adds that the SOTMP teaches him to avoid such triggers and get out of high risk areas as soon as possible.  (*Id.*)

Nonetheless, Plaintiff was assigned to kitchen duty in November 2016.  (*Id.* at 4.)  Because of the kitchen being a high risk area for him, Plaintiff was removed after one

and half days.  (*Id.*)  However, Plaintiff was again assigned kitchen duty in early July 2017.  (*Id.* at 4–5.)  Plaintiff immediately requested a meeting with his mental health therapist Defendant Lori Seitz to discuss this July assignment.  (*Id.* at 5.)  It is unclear from the Amended Complaint precisely what he told Ms. Seitz.  (*Id.* at 4–5.)  In any event, Plaintiff contends that Ms. Seitz responded by saying, "[I] see you are doing ok in the kitchen[.  Y]ou have learned tools to be in a high risk area."  (*Id.*)  Plaintiff thereafter remained on kitchen duty for sixty days.  (*Id.* at 4.)  He contends that, as a result, he suffered "mental anguish," with physical manifestations, such as "rash, severe back pain, increased thoughts of sexually acting out, [and the] urge to masturbate more frequently."  (*Id.* at 5.)  Plaintiff was eventually removed from kitchen duty; he is now employed as a porter in the residential housing unit.  (*Id.* at 4.)

Plaintiff initiated this action in part as a result of his being placed on kitchen duty.  He specifically alleges that, by allowing him "to be put in a high risk area [the kitchen] . . . against his personal change contract, which is part of his SOTMP criteria/treatment," Ms. Seitz acted with deliberate indifference to his medical condition in violation of the Eighth Amendment (Claim One).  (*Id.* at 2.)

Defendants contend that Plaintiff has failed to sufficiently plead this Eighth Amendment claim and that it should therefore be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### III. LAW GOVERNING A RULE 12(b)(6) MOTION TO DISMISS

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for failure to state a claim if it appears beyond a doubt that the plaintiff can plead no set of facts in support of his claim that would entitle him to relief. *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). In reviewing a motion to dismiss, courts take all well-pleaded allegations in the plaintiff's complaint as true and construe the allegations in the light most favorable to plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012).

However, a litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint").

Plaintiff appears *pro se* in this matter. The Court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Plaintiff's *pro se* status does not, however, entitle him to the application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002). Moreover, the Court may not

"construct arguments or theories for [Plaintiff] in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

### IV.     PLAINTIFF'S EIGHTH AMENDMENT CLAIM

The Eighth Amendment protects against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. This protection encompasses "deliberate indifference" by prison officials to a prisoner's serious medical needs. *Howard v. Waide*, 534 F.3d 1227, 1235 (10th Cir. 2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)).

Courts recognize two types of conduct constituting deliberate indifference. First, a medical professional may fail to treat a serious medical condition properly. Where this sort of conduct is alleged, the medical professional has available the defense that she was merely negligent in diagnosing or treating the medical condition, rather than deliberately indifferent. *See, e.g., Estelle,* 429 U.S. at 105–06. The second type of deliberate indifference occurs when prison officials prevent an inmate from receiving treatment or deny him access to medical personnel capable of evaluating the need for treatment. *See, e.g., Ramos*, 639 F.2d at 575. Ordinarily, a medical professional will not be liable for this second kind of deliberate indifference unless her role in a medical emergency is solely to serve as a gatekeeper for other medical personnel capable of treating the condition and she delays or refuses to fulfill that gatekeeper role due to deliberate indifference. *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000)

In either scenario or a combination thereof, an Eighth Amendment claim for deliberate indifference involves "a two-pronged inquiry, comprised of an objective

component and a subjective component." *Self v. Crum,* 439 F.3d 1227, 1230 (10th Cir. 2006).

### A. THE OBJECTIVE COMPONENT

The objective component requires a showing that the prisoner's medical need is "sufficiently serious" to be cognizable under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). This standard is met if the medical need was "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (quotation and citation omitted). The question is not limited to whether the inmate's symptoms render a medical need sufficiently serious, but also extends to whether the potential harm to the inmate is sufficiently serious. *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005). The Tenth Circuit has recognized that some sexual conditions are sufficiently serious, but "the mere fact that the a [plaintiff is a] convicted sexual offender does not mean that [he has a] psychological disorder[] or that [he is] in need of psychiatric treatment." *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996); *Diaz v. Lampela*, 601 F. App'x 670, 674 (10th Cir. 2015).

Plaintiff's allegations are insufficient to support the objective component of an Eighth Amendment Claim. Neither his alleged mental nor physical needs are "sufficiently serious" to be cognizable. To begin, his Amended Complaint contains no allegations suggesting that his mental needs—mental anguish, desire to act out sexually, and urges to masturbate—have been diagnosed by a physician as mandating

treatment. Nor does he allege that these needs are so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Moreover, Plaintiff does not aver that *treatment* for his sexual impulses is medically necessary (as opposed to being a requirement for his parole), or that designation of the kitchen area as being a high risk area was the result of a medical assessment. *See Conkleton v. Zavaras*, No. 08-cv-02612-WYD-MEH, 2010 WL 936069 (D. Colo. Mar. 15, 2010) (finding that plaintiff failed to adequately plead the objective prong where complaint failed to allege a diagnosis by a physician that plaintiff needed sex offender treatment). Indeed, the Tenth Circuit has rejected allegations that raise similar concerns, such as a disposition to re-offend (i.e. sexually act out), *Diaz*, 601 F. App'x at 674, and "[v]ague allegations of eroded self-esteem, apathy, fear[,] . . . feelings of differentness," and a risk of sexually compulsive drives, *Riddle*, 83 F.3d at 1204.

Plaintiff's allegation that he also experiences "physical manifestations" of his mental pain—his back pain and rash—does not save his complaint. Plaintiff does not describe, with particularity, the nature of his physical pain except to generally state that he experiences it and to allege, in a conclusory manner, that his needs constitute medical conditions. Plaintiff also does not aver that his physical needs have been medically diagnosed or that they are patently obvious to the outside observer.

It also does not appear to this Court that the potential harm to Plaintiff is sufficiently serious. Indeed, he has been removed from kitchen duty, and his Amended Complaint contains nothing more than conclusory assertions that he still experiences "aches and pains" and that he is being subjected to "pain and suffering." (Doc. # 10 at

4–5.) Such general allegations are insufficient to support that his medical needs are sufficiently serious.

Plaintiff has accordingly failed to adequately plead the objective component of a deliberate indifference claim.

### B. SUBJECTIVE COMPONENT

Under the subjective component, a plaintiff must demonstrate that the defendant had a "sufficiently culpable state of mind." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (citation omitted); *see also Self,* 439 F.3d at 1230–31. Specifically, the plaintiff must establish that the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff,* 199 F.3d 1220, 1224 (10th Cir. 1999) (internal citation and quotation omitted). "The question is: 'were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?'" *Martinez v. Beggs,* 563 F.3d 1082, 1089 (10th Cir. 2009) (quoting *Mata,* 427 F.3d at 753). This is a high standard. "[N]egligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 811 (10th Cir. 1999); *Vasquez,* 2015 WL 6662921, at *7. Nor does disagreement with a medical professional state a constitutional violation. *Id.*

Here, the Court's primary inquiry is whether Plaintiff has adequately plead that Ms. Seitz knew or should have known about the risk of being in the kitchen to Plaintiff's medical condition and nonetheless chose to disregard that risk. The Court concludes that Plaintiff's allegations are insufficient to support the subjective component of an

Eighth Amendment claim. Plaintiff's Amended Complaint does not state that he told Ms. Seitz about the mental anguish and physical problems he was experiencing from being placed in the kitchen. Nor does his Amended Complaint mention any symptoms that would be obvious to an outside observer. The only allegation regarding Ms. Seitz's subjective understanding of Plaintiff's condition suggests that, although she knew that the kitchen was a high risk area for Plaintiff, she was not aware that Plaintiff was experiencing any negative symptoms; instead, she believed him to be "doing ok in the kitchen" and using the tools he has learned to succeed in that "high risk area." (Doc. # 10 at 5.)

For the first time in his Objection to Magistrate Judge Varholak's Recommendation, Plaintiff asserts that he sent "kites" to Ms. Seitz "about the issues in the kitchen and problems he was having," that he talked to her numerous times about the issues, and that he has "approximately five staff members . . . [and] eleven offenders" that could testify to her "total disregard to the problems [he] was having and the pain [he is] still in from the kitchen. (Doc. # 44 at 2.) Plaintiff did not, however, mention these kites or any statements of these witnesses in his Amended Complaint or prior pleadings. This Court need not, therefore, consider them for purposes of a Rule 12(b)(6) motion to dismiss. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (arguments raised for the first time in an objection are deemed waived).

Even if the Court were to consider these allegations, they are still insufficient to support the subjective component of a deliberate indifference claim. Indeed, Plaintiff's assertions that he communicated his medical needs to Ms. Seitz are confusing in light

9

of his previous allegation that Ms. Seitz assessed him to be handling the kitchen well. That she considered Plaintiff to be doing "ok" in the "high risk" area suggests either that (1) Ms. Seitz did not actually receive Plaintiff's complaints as he purports; or (2) she evaluated those complaints and nonetheless observed him to be fine. Neither of these scenarios demonstrates deliberately indifferent conduct. Even if Ms. Seitz's assessment of his condition was mistaken, such a mistake would *at most* suggest negligent behavior, which is insufficient to support an Eighth Amendment claim. *See e.g., Estelle,* 429 U.S. at 105–06.

Ultimately, Plaintiff's claim rests on his disagreement with Ms. Seitz's assessment that he was doing "ok." But mere disagreement is insufficient to support a claim of constitutional dimensions. Indeed, to sufficiently plead an Eighth Amendment claim, Plaintiff must allege "*deliberate* refusal to provide medical attention, as opposed to a particular course of treatment." Plaintiff has not met this standard. *Fleming v. Uphoff, et. al.*, No. 99-8035, 2000 WL 374295, at *2 (10th Cir. April 12, 2000) (internal quotations omitted); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996) ("[W]hether one course of treatment is preferable to another [is] beyond the [Eighth] Amendment's purview.").

Plaintiff also argues in his Objection that (1) he told other individuals about his problems in the kitchen and (2) various other inmates can attest to the importance of avoiding high risk areas. He attaches several affidavits to support this latter point. These arguments are not only waived, but also, they are irrelevant. The fact that *other* people may have been aware of Plaintiff's problems in the kitchen does not mean that

Ms. Seitz also was or should have been aware of those problems. *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (plaintiff must establish that *defendant* had a sufficiently culpable state of mind).

Thus, viewing Plaintiff's factual allegations in the Amended Complaint in the light most favorable to him, the Court cannot conclude that Plaintiff has sufficiently pled that Ms. Seitz knew or should have known that he faced a substantial risk of harm and deliberately disregarded it. In other words, Plaintiff has failed to sufficiently plead the subjective prong of an Eighth Amendment claim.

Because Plaintiff has failed to plead both the objective and subjective components of an Eighth Amendment violation, the Court agrees with Magistrate Judge Varholak that Plaintiff's Claim One against Defendant Seitz should be dismissed.

Magistrate Judge Varholak did not recommend whether this Court should dismiss Claim One with or without prejudice. "[D]ismissal with prejudice is only appropriate 'where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'" *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir.2001); *see Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir.2010)

Based on the totality of circumstances present in this case, including (1) Plaintiff's inability to demonstrate both the objective and subjective components of a deliberate indifference claim and (2) that Plaintiff's proposed additions to Claim One, as noted above, would not render a different outcome, the Court finds that Plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend. Thus, dismissal with prejudice is appropriate.

11

## V. PLAINTIFF STATE LAW CLAIM

Where a district court has dismissed all claims over which it has original jurisdiction, 28 U.S.C.A. § 1367(c)(3) expressly authorizes the court to decline to exercise supplemental jurisdiction over the remaining state-law claims. 28 U.S.C.A. § 1367(c)(3). Whether to exercise supplemental jurisdiction under such circumstances lies within the discretion of the court. *Medina v. City of Osawatomie*, 992 F.Supp. 1269, 1279 (D. Kan.1998). "Discretion to try state law claims in the absence of any federal claims should only be exercised in those cases in which, given the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction. *Id.* (citing *Thatcher Enter. v. Cache Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990)). As a general rule, the balance of factors to be considered will point towards declining to exercise jurisdiction over state-law claims when the federal claims have been eliminated prior to trial. *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988). "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Thatcher Enter.*, 902 F.2d at 1478; *Sauer v. McGraw-Hill Companies, Inc.*, No. 99 N 1898, 2001 WL 1250099, at *18 (D. Colo. June 12, 2001).

In light of this Court's dismissal of Plaintiff's Claim One, no federal claims remain in this case. The Court finds that there exists no compelling reason to exercise supplemental jurisdiction over the remaining state law claim (Claim Two) and therefore declines to do so.

## VI. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff Charles J. Stout's Objection to the Recommendation is OVERRULED. (Doc. # 44.)

2. The Recommendation of Magistrate Judge Varholak is AFFIRMED AND ADOPTED as an Order of this Court. (Doc. # 43.)

3. Defendants' Motions to Dismiss Plaintiff's Amended Complaint are GRANTED. (Doc. ## 22, 24.)

4. Plaintiff's Eighth Amendment Claim against Defendant Seitz (Claim One) is DISMISSED WITH PREJUDICE.

5. The Court declines to exercise supplemental jurisdiction over Plaintiff's negligence claim against all Defendants (Claim Two) and it is therefore DIMISSED WITHOUT PREJUDICE.

Because there are no remaining claims or Defendants in this case, the Court ORDERS that this action is DISMISSED.

DATED: June 13, 2018        BY THE COURT:

                                    CHRISTINE M. ARGUELLO
                                    United States District Judge