IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 17-cv-01904-CMA-STV

CHARLES J. STOUT,

    Plaintiff,

v.

LORI SEITZ,
MICHELLE WESOLOWSKI,
ELLIARD,
ELISON, and
LEGGET,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR EXTENTION OF TIME

    This matter is before the Court on Plaintiff Charles J. Stout's Motion for Extension of Time to Appeal Pursuant to Rule 4(a)(5), which he filed in response to an Order of the Tenth Circuit directing a limited remand to this Court to consider whether Mr. Stout's late-filed Notice of Appeal should be accepted. (Doc. ## 55, 56.) Having thoroughly reviewed the Motion and applicable law, the Court denies Mr. Stout's request.

    The time limits for filing a notice of appeal are mandatory and jurisdictional. *United States v. Robinson*, 361 U.S. 220, 229 (1960). Federal Rule of Appellate Procedure 4(a)(1)(A) requires the filing of a notice of appeal "within 30 days after entry of the judgment or order appealed from." When, as here, a party has filed his notice of

appeal beyond the time specified in Rule 4, that party may seek relief by showing good cause or excusable neglect. *United States v. Lucas*, 597 F.2d 243, 245 (10th Cir. 1979).

Good cause comes into play "in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Fed. R. App. P. 4(a)(5); *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004).

The excusable neglect standard is even more stringent, existing only when a defendant has done "all he could do under the circumstances" to perfect a timely appeal. *United States v. Avendano–Camacho*, 786 F.2d 1392, 1394 (9th Cir.1986). "[W]ith the exception of 'extraordinary cases where injustice would otherwise result,' few cases will ordinarily qualify under the excusable neglect rubric." *Reinsurance Co. of America v. Administratia*, 808 F.2d 1249, 1251 (7th Cir.1987). Circumstances giving rise to excusable neglect include failure to learn of the entry of judgment, unpredictable events affecting the delivery of notice of appeal to the clerk, uncontrollable delays in mail delivery, illness of counsel, and unpredictable events affecting the feasibility of appeal. *United States v. Gibson*, 832 F. Supp. 324, 327 (D. Kan. 1993); *see United States v. Andrews*, 790 F.2d 803, 807 (10th Cir. 1986) (excusable neglect existed on part of an unrepresented criminal defendant who was in intensive care unit of civilian hospital, and later in federal prison hospital, while "groggy and incoherent" due to his medication).

Another well-established rule with particular relevance to Plaintiff's situation holds that ignorance of the law or unfamiliarity with the federal rules will almost invariably fall

short of good cause and excusable neglect.  *See, e.g.*, *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 392; *United States v. Dumont*, 936 F.2d 292, 294–5 (7th Cir.1991); *Pratt v. McCarthy*, 850 F.2d 590 (9th Cir.1988); *see also Advanced Estimating Sys., Inc.*, 130 F.3d at 999 ("The ancient legal maxim continues to apply: ignorance of fact may excuse; ignorance of law does not excuse.").  "[E]ven for an incarcerated pro se petitioner, [ignorance of the law] generally does not excuse prompt filing." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

In this case, Mr. Stout concedes that he filed his Notice of Appeal late.  (Doc. # 56.)  Mr. Stout claims that his motion was untimely filed because he mistakenly relied on the 60-day deadline for filing a notice of appeal when the United States, or its agency or officer, is a party.  *See* Fed. R. App. P. 4(a)(1)(B).  Mr. Stout believed that two of the Defendants were United States agents because they are "part of the Sex Offender Management Board (SOMB), an agency of the State of Colorado." (Doc. # 56.)  He adds that he "knows[s he is] supposed to meet all deadlines in the Court" and attributes his mistake to his being pro se.  (*Id.*)

Having thoroughly considered the issue, this Court finds that Mr. Stout's only claimed basis for delay—that he misunderstood the law because he does not have legal counsel—is insufficient to support the relief he seeks.  Indeed, this Court sees no reason to stray from the general and longstanding maxim that ignorance of law is no excuse.  Moreover, [w]hile "a party's pro se status may be considered in determining whether excusable neglect has been demonstrated, it does not in and of itself constitute an excuse for the litigant's non-compliance with procedural rules." *Goldwyn v.*

*Donahoe*, No. 12-4099-JTM, 2013 WL 3778919, at *2 (D. Kan. July 18, 2013) aff'd, 562 F. App'x 655 (10th Cir. 2014) (denying relief under Rule 4(a)(5) grounded on nothing other than plaintiff's pro se status; citing numerous cases in support); *see also Cordell v. Pacific Indem.*, 335 Fed. Appx. 956, 960 (11th Cir.2009) (no showing of excusable neglect by pro se appellants, as "even pro se pleadings must adhere to time requirements").

Relief under Rule 4(a)(5), particularly when based on a mistake of law, is intended for extraordinary circumstances; granting the Plaintiff's motion here would alter this standard by authorizing what would be essentially automatic relief under Rule 4(a)(5) for any pro se litigant who misunderstands his procedural obligations. The Court declines to do so, instead finding that, pursuant to long-standing legal precedent, Plaintiff demonstrates neither excusable neglect nor good cause.

The Court accordingly DENIES Mr. Stout's Motion for Extension of Time to Appeal Pursuant to Rule 4(a)(5). (Doc. # 56.)

DATED: August 15, 2018        BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge